IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BASAVARAJ A. HOOLI,

    Plaintiff,
v.                                                           CASE NO. 1:20-cv-74-MW-GRJ

JORGE PEREZ, and
DR. D. PAGIDIPATI,

    Defendants.
_____/

## AMENDED REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se,* initiated this case by filing a complaint, ECF No. 1, and has been granted leave to proceed as a pauper by separate order. Upon screening the Complaint pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court ordered Plaintiff to file an Amended Complaint that established a basis for the exercise of federal subject matter jurisdiction. ECF No. 6. Plaintiff then filed his Amended Complaint, ECF No. 7. The undersigned screened the Amended Complaint and recommended that it be dismissed for lack of subject matter jurisdiction. ECF No. 10. Plaintiff filed an objection indicating his intention to file a second amended complaint. ECF No. 11. The district judge rejected the report and recommendation and remanded the matter to the undersigned to consider Plaintiff's motion to amend. ECF No. 12.

On remand, the Court granted leave to amend and ordered Plaintiff to file his second amended complaint on or before July 26, 2020. ECF No. 13. When Plaintiff failed to comply, the Court ordered him to show cause on or before August 19, 2020, as to why this case should not be dismissed. ECF No. 14. As of this date, Plaintiff has failed to respond. Accordingly, the First Amended Complaint, ECF No. 7, remains the operative pleading in this case. For the following reasons, the Court recommends that the Amended Complaint be dismissed for lack of subject matter jurisdiction.

The allegations of the Amended Complaint may be summarized as follows. Plaintiff, a resident of Williston, Florida, sues Jorge Parez, a resident of Miami, Florida, who is the owner of "Regional General Hospital" in Williston, and Dr. Devaiah Pagidipati, a resident of Clearwater, Florida. Plaintiff alleges that Parez owns 30 hospitals in the United States and a billing office in Bangalore, India. Plaintiff alleges that Parez contracted Plaintiff's company, Rural Hospital Management, LLC, to recruit medical staff from India for Parez's hospitals. Plaintiff agreed to get 40 doctors, 40 nurses, and 20 physiotherapists. Plaintiff alleges that Parez's Hospital CEO sponsored the medical staff on the "wrong" visas, and when their visas were rejected Plaintiff lost over one million dollars. Plaintiff further contends that Dr. Pagidipati, as CFO of Regional General Hospital in Williston, "stole" Medicare funds, together with Parez. Plaintiff alleges that

the Medicare funds were supposed to be used for training and placement of medical staff.  In December 2018, Parez closed the Williston facility and defaulted on "many obligations."  Plaintiff alleges that Parez left the USA after federal investigations were initiated, although he states that Parez is a resident of Miami, Florida.  For relief, Plaintiff asserts that "we need hospital building and will pay to all legitimate leins [sic].  Mr. Parez owes me money.  Dr. Pagidipati must pay back American Medicare stolen money . . . we need to get license and equip hospital."  ECF No. 7 at 4-6, 12-16.

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes.  *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986).  A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint.  *See Taylor v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994).  It is well established that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.[1]  Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  Further, the Court has subject matter jurisdiction over cases involving a federal question under 28 U.S.C. § 1331.

---

[1] *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. Fla. 2004).

According to the Complaint, all parties are residents of Florida and thus there is no diversity of citizenship under § 1332(a)(1).  Further, Plaintiff's allegations do not establish that the Court has federal question jurisdiction under § 1331.  Plaintiff's claim that Defendants "stole" money from Medicare, a federal program, is wholly insufficient to establish federal question jurisdiction under § 1331, as are Plaintiff's references to alleged errors made in visa applications.  The allegations reflect that Plaintiff's claims stem from a contractual dispute over which the federal court does not have jurisdiction on the facts alleged.

Accordingly, it is respectfully **RECOMMENDED** that the Amended Complaint, ECF No. 7, be dismissed *sua sponte* for lack of subject matter jurisdiction.

**IN CHAMBERS** this 21st day of August 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.